**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **ROLLS-ROYCE CORP.,** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
|      vs. ) | **CAUSE NO. 1:04-cv-968-SEB/VSS** |
| ) | |
| **ALCOR ENGINE CO., INC., et al.,** ) | |
| ) | |
|    **Defendants.** ) | |

**ENTRY ON MOTION TO COMPEL**

This cause is before the magistrate judge on the motion of plaintiff Rolls-Royce Corporation ("Rolls-Royce") entitled Motion to Compel Timken Alcor Aerospace Technologies, Inc. ["Timken"] to Provide Complete and Non-Evasive Discovery Responses. The motion is fully briefed, and the magistrate judge, being duly advised, **GRANTS IN PART AND DENIES IN PART** Rolls-Royce's motion for the reasons and to the extent set forth below.

Data Packages

The first issue raised in Rolls-Royce's motion is whether Timken has responded appropriately to its requests for admission relating to certain "data packages" that Timken has produced during the course of discovery in this case. Each data package consists of various documents, including parts drawings, that were sent as a package by Timken to the FAA or the Army to apply for Parts Manufacturing or Source Approval ("Approval") for a given part. Rolls-Royce has tendered a series of 200 requests for admission in which it asks Timken to admit that each package "represents a complete, true and accurate copy of" the application for Approval for the relevant part that was sent to the relevant governmental entity. Timken has responded to these requests by admitting "that it has produced to plaintiff all relevant records

that it has in its possession, custody or control as they are maintained in the ordinary course of Timken Alcor's business," but otherwise denying the request because it "is unable to state with certainty that each [Approval] Application produced to plaintiff represents a complete copy of documents sent to" the relevant governmental entity.

Two issues are raised by Rolls-Royce's motion. First, as Timken points out, Rolls-Royce has far exceeded the 25 requests it is permitted pursuant to Local Rule 36.1. While Rolls-Royce characterizes its requests as "relating to the authenticity or genuineness of documents," and therefore not subject to the limit, they are really substantive requests to the extent that they seek an admission regarding what documents were actually sent to the governmental entities. In other words, Rolls-Royce could have asked whether each document contained within the data packages was a true and accurate copy of that document without running afoul of Local Rule 36.1, but it went further than that and asked whether the data package that was sent was identical to the data package that was produced. Therefore, Rolls-Royce should have sought leave of court for its requests for admission in excess of 25. However, its failure to do so is now a moot point, since Timken has responded to all of the requests.

The second issue is whether Timken should (or even can) be forced to give different responses to the requests than it did. The magistrate judge thinks not. The deposition testimony pointed to by Rolls-Royce does not, as Rolls-Royce argues, prove that Timken can–and therefore should be forced to–say with certainty whether each data package produced is identical to the one it originally submitted. Rather, the testimony merely indicates that the witnesses were able to look at the data packages and surmise whether they likely were complete; indeed, it appears from the deposition excerpts provided to the court that often the witnesses simply looked at the

list of enclosures contained in the cover letter of a packet and determined whether the contents of the packet as produced in discovery matched that list. Therefore, Timken's responses to the requests for admission are not unreasonable.

### Schedules and Exhibits to the Asset Purchase Agreement

Next, Rolls-Royce seeks to compel Timken to produce all of the schedules and exhibits to an April 2004 Asset Purchase Agreement. In response to the motion, Timken agreed to produce Exhibits A and B, but objected to producing Exhibit E on relevance grounds. As described by Timken, Exhibit E is a sales representation agreement that establishes David Rain "as a non-exclusive independent contractor for a fixed term to develop sales opportunities out the United States." While the magistrate judge agrees with Timken that the relevance of that particular exhibit to this litigation is suspect, it is the magistrate judge's general rule that, in the absence of any claim of privilege, documents that are partially relevant should be produced in their entirety, not redacted to remove irrelevant portions, both to avoid the expense of redaction and the discontinuity that often results from it. Therefore, Rolls-Royce is entitled to discover the entire Asset Purchase Agreement, including all of the exhibits and schedules, not only those portions of it that are specifically relevant to this case.

As for the schedules that have not yet been produced, Timken states unequivocally that they never existed. Obviously, Timken cannot produce something that does not exist. If it is not comfortable taking counsel's word for it, Rolls-Royce may tender an appropriate request for admission regarding the non-existence of Schedules 4.9(b) and 4.9(e).

### Document Request No. 6

In its Request No. 6, Rolls-Royce seeks the following:

> For each and every part that Alcor and/or Timken-Alcor has sought and/or received PMA or Source Approval for any Model 250 part, copies of all purchase orders, invoices, receipts, sales records, checks, sales contracts and other documents showing the number of parts sold by Timken-Alcor and the sales price.

Timken has agreed to produce documents responsive to this request that relate to those part numbers that Rolls-Royce alleges to have been misappropriated. It produced some of the responsive documents prior to the filing of the motion to compel, and has since located and states that it will produce additional responsive documents.[1] Timken also states unequivocally that it has produced all aperture cards in its possession; thus, there does not appear to be anything for the court to compel in that regard.

Timken has, however, objected to producing documents relating to Model 250 engine parts for which it does not have Approval ("approved parts"), on the ground that Rolls-Royce has limited its own discovery responses to only approved parts. It is unclear to the magistrate judge whether it is Rolls-Royce's position that it has a claim against Timken simply for *seeking* approval with misappropriated information, or whether approval must have been obtained and

---

[1] Timken actually states that "Timken Alcor will produce responsive documents created after August 2001 for those part numbers that Rolls-Royce alleges have been misappropriated as identified in Rolls-Royce's Second Supplemental Answers to Timken Alcor's First Set of Interrogatories No. 1. For the period before August 2001, responsive documents are maintained in a storage warehouse in Phoenix, Arizona, and will be made available for inspection by Rolls-Royce at a mutually agreeable time." Inexplicably, Rolls-Royce interprets this as Timken choosing "an arbitrary cut-off date of August 2001." The magistrate judge believes it is clear that Timken is not "cutting-off" discovery as of August 2001, arbitrarily or otherwise; rather, Timken has determined that documents older than that are kept in storage in Phoenix and must be reviewed there–something that Rolls-Royce acknowledges in the very next paragraph of its brief. The magistrate judge also is confused by Rolls-Royce's statement that "Timken-Alcor professed, as recently as August 23, 2005, to have produced every responsive document in its possession. In that same filing, Timken-Alcor admits that it has not done so." The magistrate judge has scoured the August 23, 2005, filing for any such sweeping statement by Timken, and has found none.

sales made for a claim to accrue.² Indeed, it is unclear to the magistrate judge whether Timken could make any sales prior to obtaining Approval–if it could not, then there would not appear to be any documents responsive to document request no. 6 for any as-of-yet unapproved parts, making this entire dispute moot. In the absence of this information, the magistrate judge declines at this time to order Timken to produce documents relating to any part for which Approval has not yet been obtained.

## Document Production Logs

The magistrate judge never intended to require the parties to log documents withheld from production on any grounds other than privilege, and any suggestion to the contrary in the magistrate judge's Entry for March 23, 2005, was inadvertent. Responsive documents that are withheld on privilege grounds must be logged; the exception to this is documents that were created during the course of this litigation, unless a party can demonstrate that such documents are likely to have some particular relevance and ought to be logged in this case. If a category of documents is withheld from production on other grounds–such as relevancy or undue burden– the parties' objection to the relevant document request must clearly indicate what categories of documents have been withheld, but those documents need not be logged; indeed, that would

---

²In footnote 2 to its reply brief, Rolls-Royce states that the alternative to obtaining information from Timken regarding pending applications would be "for Rolls-Royce to file new lawsuits each time a new PMA approval becomes public knowledge." This suggests to the magistrate judge that Rolls-Royce has a claim only for those parts for which approval is obtained. In any event, Rolls-Royce is incorrect that this is the only alternative; rather, Timken is under a continuing obligation to supplement its discovery responses; therefore, if it were to obtain Approval for a part during the course of this litigation, Timken would have to provide Rolls-Royce with responsive documents regarding that new part.

defeat the entire purpose of some objections.[3]

## CONCLUSION

For the reasons and to the extent set forth above, Roll-Royce's motion to compel is **GRANTED IN PART AND DENIED IN PART**. Timken shall serve the documents ordered produced in this Entry **within 10 days.**

SO ORDERED:   10/13/2005

*V. Sue Shields*

V. Sue Shields, Magistrate Judge

Copies to:

Michael Paul Bishop
DREWRY SIMMONS VORNEHM, LLP
mbishop@drewrysimmons.com

Timothy L. Buckley
tbuckley@buckleyjacobs.com

John A. Burlingame
SQUIRES SANDERS & DEMPSEY LLP
jburlingame@ssd.com
jsweir@ssd.com;wsh_dckt@ssd.com

Max W. Hittle, Jr
KRIEG DEVAULT, LLP
mhittle@kdlegal.com

Andrea L. Marconi
SQUIRE SANDERS & DEMPSEY LLP
amarconi@ssd.com

Edward A. McConwell
ed@mcconwell.com
sharon@mcconwell.com

Marc T. Quigley
KRIEG DEVAULT
mquigley@kdlegal.com
kvanloton@kdlegal.com

James William Satola
SQUIRE SANDERS & DEMPSEY LLP
jsatola@ssd.com
dbeemiller@ssd.com;pfordyce@ssd.com;
cle_dckt@ssd.com

Alastair J. Warr
KRIEG DEVAULT
awarr@kdlegal.com

---

[3]For example, an objection on the grounds of undue burden would be rendered entirely irrelevant if the objecting party had to search for, locate, and log all of the responsive documents.