UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROLLS-ROYCE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:04-cv-0968-SEB-JMS |
| vs. ) | |
| ) | |
| ALCOR ENGINE COMPANY, INC. et al, ) | |
| ) | |
| DefendantS. ) | |

**ENTRY ON MOTION FOR EXPEDITED EMERGENCY ENFORCEMENT AND/OR CLARIFICATION OF SETTLEMENT AGREEMENT**

This matter comes before us on Defendants Paramount International and David Rain's (hereinafter referred to as "Defendants" for purposes of this discussion) Motion for Expedited Emergency Enforcement and/or Clarification of Settlement Agreement. According to the Magistrate Judge's entry of January 25, 2008, the only emergent issue contained within the motion is whether Defendants are permitted to publish the Joint Public Statement contained in the Settlement Agreement in certain publications at the Heli-Expo 2008. That issue has been fully briefed by the parties. The remaining issues are being briefed within the time frame provided by the local rules. Thus, it is only the publication issue that is presently before us.

On May 19, 2006, Rolls-Royce and Defendants entered into a Settlement Agreement. Paragraph 3.4 of the agreement provides that at the conclusion of the litigation, "the Parties will issue a joint public statement in the form set forth in Schedule 3 attached hereto." Schedule 3 contains, in typewritten form, the exact wording of the public statement, as agreed upon by the parties. Handwritten on Schedule 3 are the following: "on Krieg Devault letterhead" and "2 - After

1

the lawsuit is settled." Also handwritten, but scribbled out, is "1 - Release to counsel."

On June 29, 2007, Krieg Devault (counsel for Rolls-Royce) faxed the Joint Public Statement to the Associated Press' Washington D.C. bureau. Defendants assert, and it is undisputed by Rolls-Royce, that the manner of publication was a unilateral decision made by Rolls-Royce. Defendants now wish to re-publish the exact same statement in publications at the Heli-Expo 2008. When Defendants notified Rolls-Royce of their intent, Rolls-Royce objected and claimed that to do so would be a breach of the Settlement Agreement. Thus, the instant motion.

Defendants seek to publish the version of the joint public statement contained in Schedule 3 of the Settlement Agreement, and as published by Krieg DeVault, in the HAI Convention News during Heli-Expo 2008. This convention involves the aviation community, of which both Rolls-Royce and Defendants are a part. Should Rolls Royce or Krieg DeVault so request, Defendants have no objection to placing the joint public statement on Paramount letterhead and removing Krieg Devault's name.

Rolls-Royce argues that Defendants seek an impermissible advisory opinion from the Court interpreting the Settlement Agreement and clarifying whether it allows Defendants to release the joint public statement as they desire. Rolls-Royce further claims that even if Defendants are not asking for an advisory opinion, they are attempting to modify the Settlement Agreement.

As outlined in our prior entry of September 19, 2007, paragraph 4.3 of the Settlement Agreement confers upon the court the continuing jurisdiction to enforce the terms of the settlement agreement. Rolls-Royce asserts that there is not a substantial controversy between the parties warranting judicial review. We disagree. Clearly, there is an actual controversy concerning the provisions of the settlement agreement pertaining to the publication of the joint public statement.

An early resolution of the issue will likely forestall any future litigation on the issue.

The settlement agreement states that "the *Parties* will issue a joint public statement in the form set forth in Schedule 3 . . ." (emphasis added). The use of the word "parties" contemplates a jointly issued statement. Nowhere in the agreement, nor in Schedule 3, are any limitations placed on the method or manner of publication. The parties agreed to the exact wording of the statement and that it be published on Krieg Devault letterhead after the lawsuit was settled. This is exactly what Defendants indicate they intend to publish, and, of course, the lawsuit has settled. Rolls-Royce asserts that during the settlement negotiations facilitated by Magistrate Judge Shields, it agreed to the release of the joint public statement provided it was a one-time event, as evidenced by the rejection of the proposal to release the statement to counsel on Schedule 3. Again, such a restriction does not appear anywhere in the Settlement Agreement. Nor do we interpret the lined-statement not be "released to counsel" to confer upon Rolls-Royce unilateral decision-making with respect to the method and manner of publication.

Furthermore, the Settlement Agreement contains an integration clause which states that "This Agreement constitutes the entire agreement between the parties. The parties have not relied upon and do not have the right to rely upon any oral representation." Therefore, the plain language of the Settlement Agreement itself is to control. The language of the Settlement Agreement, and Schedule 3, are not ambiguous. The method and manner of publication, other than the wording of the statement and that it be on Krieg Devault letterhead, are simply not a part of the agreement.

Accordingly, we see nothing in the Settlement Agreement that precludes Defendants from publishing the Joint Public Statement as they propose. We fail to see how re-publication of the precise statement, previously published by Rolls Royce and expressly agreed upon by both parties

in the Settlement Agreement would constitute a breach, modification or violation of the agreement.

**IT IS SO ORDERED.**

Date: 02/12/2008

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Counsel of record