UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROLLS-ROYCE CORPORATION,                )<br>           Plaintiff,                                          )<br>                                                                )<br>     vs.                                                        )<br>                                                                )<br>ALCOR ENGINE COMPANY, INC. et al,  )<br>           Defendants.                                    ) | 1:04-cv-0968-SEB-JMS |

## ENTRY ON MOTION TO RECONSIDER AND CROSS MOTION TO DECLASSIFY AND ADD TO THE PUBLICLY AVAILABLE LIST

This cause is before us on Plaintiff Rolls-Royce Corporation's ("Rolls-Royce") Motion for Reconsideration of this Court's May 22, 2008 Entry on Pending Motions (Dkt. # 411), and Defendants David Rain, Alcor Engine Company, Inc., and Paramount International's (collectively hereinafter "Defendants") Emergency Cross Motion to Declassify and Add to the Publicly Available List (Dkt. # 414). In addition, Rolls-Royce has filed a Motion for Leave to file Surreply to Defendants' Reply in Support of Cross-Motion to Add to the Publicly Available List (Dkt. # 427). The motions are fully briefed, and being duly advised, we **DENY** all three motions for the reasons set forth below.

### Motion to Reconsider

Rolls-Royce's motion asks us to reconsider our conclusion in the May 22, 2008 Entry that "[t]he terms of the settlement agreement do not impose a continuing obligation upon Defendants to return Rolls-Royce "Technology" to Rolls-Royce if such data is acquired at some point after the execution of the settlement agreement." (Entry pg. 9).

Rolls-Royce first argues that its primary objective in entering into the Confidential

Settlement Agreement (the "Agreement") was to secure the return of all misappropriated Rolls-Royce Technology (as that term is defined in the Agreement), and interpreting the Agreement to apply only to Technology in Defendants' possession at the time the Agreement was signed undermines that objective. However, Rolls-Royce's second objective, as we noted in the Entry, was to "obtain a final and complete divorce from Defendants (Dkt. # 403 pg. 5)," and "[c]ontinuing obligations in the settlement agreement would have been inconsistent with the second objective." (Entry pg. 10).

Our position has not changed. Indeed, it is only further cemented by a September 2006 letter written by counsel for Rolls-Royce in response to a letter from counsel for Defendants requesting to add items to the list of Publicly Available Information in the Agreement. (Dkt. # 420 # 2 & 3)[1]. Counsel states the Agreement "represents a full and final settlement of the claims then existing." (Ex. 3). He then questions Defendant David Rain's ("Rain") claims that he wanted the Agreement to represent full closure, and reiterates that the Agreement was "intended to bring such closure." (Ex. 3). Clearly, the position Rolls-Royce now takes cannot be reconciled with its position two years ago. In that respect, Rolls-Royce's pattern seems to be to take a position most to its liking at the moment (more on this later).

As we stated in our Entry, "[t]he terms of the settlement agreement do not impose a continuing obligation upon Defendants to provide to Rolls-Royce "Technology" to Rolls-Royce, if such data is acquired at some point after the execution of the settlement agreement. Rather, the settlement agreement calls for the "return" of such information, implying that Defendants

---

[1] Docket #420 is Rolls-Royce's response to the cross-motion and reply to its motion to reconsider. Although in its brief Rolls-Royce refers to the attached exhibits as Exhibit A, Exhibit B, and so on, this designation does not appear on any of the exhibits themselves, nor on the docket. Therefore, to minimize any confusion, we refer to the exhibits as #1, #2 and so forth, as they are identified on the docket.

had previously had it in their possession." (Entry pg. 9).  In fact, the Agreement states that all Rolls-Royce Technology "in the possession, custody or control of" Defendants shall be returned. This language is present tense, and we do not interpret it to include after-acquired possession. Therefore, Rolls-Royce's motion is **DENIED.**

**<u>Cross-Motion to Declassify and Add to the Publicly Available List</u>**

With their cross-motion, Defendants seek to have the documents contained in a box that was discovered in a storage unit in September 2007 by counsel for Defendants added to the list of Publicly Available Information in Schedule 1.1 of the Agreement.[2]  Defendants assert that the documents have been in the public domain for many years, and should thus be added to the list of Publicly Available Information.  The Agreement provides that, "[i]f Rain believes he is entitled to use any document other than those that are listed on Schedule 1.1, he may ask Rolls-Royce to add such document to Schedule 1.1, and Rolls-Royce will provide a reasonably prompt response to that inquiry.  If Rolls-Royce denies such request, then Rain may ask this Court to determine whether the same should be added to Schedule 1.1 . . . " (Agreement pg. 3).

Defendants previously made such a request to Rolls-Royce to add items to the list of Publicly Available Information which included most of the documents contained within the box. That request was made in the letters discussed above, in September 2006.  Rolls-Royce declined the request.  At a status conference with former Magistrate Judge Shields on October 19, 2006, the issue was apparently discussed, as the entry states that "[t]he defendants shall identify for the plaintiff the documents they wish to add to the list of Publicly Available Information and how

---

[2]This box was one of the subjects of the Entry for which Rolls-Royce sought reconsideration.  It was the contents of this box that Rolls-Royce sought to be returned pursuant to the Agreement, which we denied for several reasons, one of which was that the Agreement contains no such continuing obligation.

and when each document became publically available; if the plaintiff does not agree with regard to any or all of the documents, the parties shall attempt to agree upon the appropriate procedure for resolving the dispute." (Dkt. # 338 pg. 2).  It does not appear this matter was addressed any further with the magistrate judge (either Judge Shields or Judge Magnus-Stinson).

However, Rolls-Royce made its position clear in its September 2006 letter: "The Alcor Confidential Settlement Agreement does not contain a provision that allows your clients to add items to Schedule 1, the Publicly Available Information.  That Agreement represents a full and final settlement of the claims then existing." (Dkt. #420, Ex. 3).  Rolls-Royce explains in its response to the instant motion that the documents Defendants now seek (and then sought) to add to the list of Publicly Available Information are the same documents that they sought to have included on the list when negotiating the Agreement.  "The mechanism in the CSA for supplementing Schedule 1.1 applies to materials discovered after the execution of the CSA or Rolls-Royce acts after the CSA that cause materials known prior to the CSA to enter the public domain.  Materials known and in existence before the execution of the CSA were vetted and negotiated by the parties in painstaking fashion and are subject to the dismissal and release provisions." (Dkt. # 420 pg. 14).

Interestingly, the Agreement says no such thing.  It plainly states that "[i]f Rain believes he is entitled to use *any* document other than those that are listed on Schedule 1.1 . . . " (Agreement pg. 2).  Furthermore, Rolls-Royce position is inconsistent with its position on the motion to reconsider.  Here, Rolls-Royce essentially states that any claims regarding "materials known and in existence" when the Agreement was executed and the case dismissed cannot be relitigated.  Yet, with respect to Technology required to be returned to Rolls-Royce pursuant to the provisions of the Agreement, Rolls-Royce chooses to interpret the Agreement to require not

just the return of "materials known and in existence" at the time of the execution of the Agreement, but also any materials acquired in the future - in perpetuity, apparently. Again, Rolls-Royce has taken the position that suits its needs at the moment.

Therefore, the Agreement clearly permits Defendants to come to the Court to obtain a determination of whether the documents from the box should be added to Schedule 1.1, the list of Publicly Available Information. The term "Publicly Available Information" is not defined in the Agreement other than to say that it includes the documents, data and media identified in Schedule 1.1. However, language at the beginning of Schedule 1.1 identifies it as "Rolls-Royce Engineering Specifications And Part Drawings That Rolls-Royce Corporation Does Not Contest Are In The Public Domain As A Result Of Granting Unlimited Rights To The U.S. Army." As it is the only specific definition relating to public availability, we construe this to be the definition of Publicly Available Information.

Based upon this definition, Defendants have not shown that the documents at issue should be added to the list of Publicly Available Information. Although Defendants have presented evidence that these documents are in the public domain, insufficient evidence has been presented to prove that they are in the public domain as a result of Rolls-Royce having granted unlimited rights to the U.S. Army. The definition provided simply does not contemplate any other manner in which documents may have ended up in the public domain. Therefore, Defendants' motion is **DENIED.**

Rolls-Royce claims in its response that the Agreement "calls for Defendants to provide greater specificity before seeking Court intervention to allow Rolls-Royce to evaluate the request" to add documents to the list of Publicly Available Information. We are unable to locate such a provision. However, when making such requests in the future, Defendants should not

only identify the documents they seek to have added to the list, but also provide a designation of evidence demonstrating how the proposed documents comport with the definition of Publicly Available Information outlined above. Furthermore, the parties should follow Magistrate Shields' direction made back in October 2006: "[t]he defendants shall identify for the plaintiff the documents they wish to add to the list of Publicly Available Information and how and when each document became publically available; if the plaintiff does not agree with regard to any or all of the documents, the parties shall attempt to agree upon the appropriate procedure for resolving the dispute." (Dkt. # 338 pg. 2).

**Motion for Leave to File Surreply**

Rolls-Royce sought to file a surreply addressing a point raised in Defendants' reply to their cross-motion involving documents allegedly provided by Carol Hogan to Rain. This issue had no bearing on our decision, and, for that reason, Rolls-Royce's motion is **DENIED.**

**SO ORDERED.**

Date: 12/15/2008

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Rebecca Biller Elmore
KRIEG DEVAULT
relmore@kdlegal.com

Max W. Hittle , Jr
KRIEG DEVAULT, LLP
mhittle@kdlegal.com

Edward A. McConwell , Sr
ed@mcconwell.com

Marc T. Quigley
KRIEG DEVAULT
mquigley@kdlegal.com

Alastair J. Warr
KRIEG DEVAULT
awarr@kdlegal.com

Greg A. Small
KRIEG DEVALUT, LLP
gs@kdlegal.com

Timothy L. Buckley
tbuckley@buckleyjacobs.com