IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROLLS-ROYCE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:04-cv-0968-SEB-JMS |
| | ) |
| TIMKEN ALCOR AEROSPACE | ) |
| TECHNOLOGIES, *ET AL.* | ) |
| | ) |
| Defendants. | ) |

## STIPULATED CONSENT JUDGMENT

Rolls-Royce Corporation ("Rolls-Royce"), by counsel, and Timken Aerospace Technologies, Inc. and MPB Corporation (collectively "Timken Alcor"), by counsel, stipulate:

1) Immediately upon execution of this Consent Judgment, Timken Alcor shall not commence any additional production of Subject PMA Parts. It may complete the production of parts already commenced. On or before January 1, 2010, Timken shall cease sales and delivery of Subject PMA Parts.

2) Subject PMA Parts means parts manufactured and sold under the authority of those PMAs now owned by Timken Alcor having an "AL" suffix other than those listed on Schedule I(a) to the Parties Settlement Agreement dated September 30, 2009 and the Grandfathered Parts.

3) Subject DER Repairs means any repair scheme or process of Timken Alcor that in its approval packet cited or copied in whole or in part any Rolls-Royce Protected IP.

4) Rolls-Royce Protected IP means Rolls-Royce's proprietary information, (including copies in whole or in part), *i.e.* information that Rolls-Royce is entitled to protect pursuant to law, regarding its Model 250 and RR 300 engines. Rolls Royce Protected IP does not include any Publicly Available Information.

   a) Publicly Available Information or "PAI" means all of the following:

      i) The part drawings and process specifications identified on Schedule (I)(j)(1).

      ii) A document lawfully released under the Freedom of Information Act (FOIA) may be PAI as determined by the remainder of I(j)(ii). A document released under FOIA is presumed lawful unless challenged by Rolls-Royce. To the extent Timken wishes to use any FOIA documentation not on Schedule (I)(j)(1) in any future applications for PMA design approval or DER Repairs it shall send a notice to Rolls-Royce. A challenge shall take the form of a written notice to Timken that a document released under FOIA was unlawfully released and should not be used. Timken has 30 days to respond to this challenge. If the parties disagree as to the lawfulness of the release after 30 days, the parties agree to submit to binding arbitration at JAMS on the

issue. If a party's position in that arbitration is found to be in bad faith, attorneys' fees shall be awarded to the prevailing party.

iii) The documents identified on Schedule (I)(j)(2). Additional documents that must be provided as "Instructions For Continued Airworthiness" under 14 C.F.R. 33.4, as amended may be added to this schedule as determined in I(j)(v) or (vi) below. To the extent Timken wishes to add documentation not on Schedule (I)(j)(2), it shall send a notice to Rolls-Royce. Rolls-Royce has 30 days to respond to the Timken notice. If the parties disagree whether the material is an Instruction for Continued Airworthiness the parties agree to submit to binding arbitration at JAMS on the issue.

iv) Each DOIL/AMC OIL or DIL/AMC IL identified on Schedule (I)(j)(3) as well as each DOIL/AMC OIL or DIL/AMC IL having a revision date before July, 1 1994. If Rolls-Royce receives judicial ruling (after appellate rights are exhausted) or subsequently acknowledges formally and in writing any position that would expand this July 1, 1994 date to a later one, it will so notify Timken. and the date in this section shall be conformed to such judicial ruling.

v) Any information Rolls-Royce subsequently acknowledges formally and in writing to be in the public domain; and

vi) Any other information that has been or is held by a court or agency of competent jurisdiction to be in the public domain after exhaustion of all appellate remedies.

5) Timken represents and warrants that Schedule I(l) to the September 30 2009 Settlement Agreement contains a complete and accurate list of all Subject DER repairs, and (ii) Timken has delivered or will, on or before October 31, 2009, deliver to Rolls-Royce all copies of Rolls-Royce Protected IP of which it is aware after reasonable review, regardless of from what source Timken obtained them, except such copies as may be retained in the data packs as provided in Section (II)(c).

6) Timken shall cease performing or selling the Subject DER Repairs on or before December 31, 2009. Timken shall deliver all completed repairs by January 15, 2010. The preceding sentence does not prohibit Timken from applying for new DER approvals for repairs, including repairs that are the same as or similar to the Subject DER Repairs, provided the applications do not reference any Rolls-Royce Protected IP.

7) Timken shall and hereby is enjoined from using the data packs for the Subject PMA Parts and the Subject DER Repairs for any purpose other than to comply with FAA regulations pertaining to those Subject PMA Parts or Subject DER Repairs delivered on or before December 31, 2009.  Timken shall not exploit or use those data packs for any commercial purpose and shall not convey or transfer the same.

Respectfully submitted,

KRIEG DEVAULT LLP

By:    /s/ Alastair J. Warr
Alastair J. Warr, Atty. No. 15873-49
One Indiana Square, Suite 2800
Indianapolis, IN  46204-2079

Counsel for Rolls-Royce Corporation

and

MICAHEL BEST & FRIEDRICH

By:    /s/ Jonathan H. Margolies
Jonathan H. Margolies, Esq.
MICAHEL BEST & FRIEDRICH
100 East Wisconsin Avenue
Suite 3300
Milwaukee, Wisconsin 53202

It is, therefore, ORDERED, AJUDGED AND DECREED that the foregoing Stipulated Consent Judgment is hereby approved and made a final judgment of the Court enforceable through the Court's contempt authority.

DATED: 10/05/2009

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

KD_1996487_2.DOC

5